UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARRELLO BARNES, 00-A-0597,

        Plaintiff,

-v-

FEDELE, FURMAN, MURPHY, KERBEIN,
T. STANLEY, HOWARD MATASAR,
CHAPPIUS, JR., A. BARLETT, P. CORCORAN,
M. MCGINNIS, NAPOLI, EVERETTE,
LITWILDER, JOHN NUTTAIL,
BRIAN FISHER and THOMAS EAGEN,

        Defendants.

---

DECISION AND ORDER
07-CV-6179L(P)

## INTRODUCTION

Plaintiff, Arrello Barnes, an inmate of the Wende Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1). He has filed a signed Authorization (Docket No. 4) in support of his request for permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No.2). Additionally, Plaintiff filed a motion for a writ of mandamus (Docket No. 5).

Plaintiff names the following people as defendants: Commissioner Brian Fisher, Deputy Commissioner of Program Services John Nuttail, Grievance Supervisor Thomas Eagen, Southport Correctional Facility Superintendent Napoli, Ex-Superintendent M. McGinnis, Deputy of Security Chappius, Jr., Deputy of Programs A. Barlett, Acting Deputy of Programs P. Corcoran, Lieutenant Kerbein, Sergeant Litwilder, Catholic Chaplin T. Stanley, and Rabbi Howard Matasar, Correctional Officer Fedele, Correctional Officer Furman, Correctional Officer Murphy, and Correctional Officer Everette. He alleges that the defendant either directly violated his First Amendment right to the free exercise of his religion or knew about the violation and failed to address and correct the on-going violations.

For the reasons discussed below, Plaintiff's request to proceed as a poor person is **granted**, the motion for a writ of mandamus is **denied** as moot, his claims against Sergeant Litwilder and Correctional Officer Everette are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining claims.

## DISCUSSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action. Therefore, Plaintiff is granted permission to proceed *in forma pauperis*. In light of the filing of this Order, the motion for a writ of mandamus is moot. Therefore, the motion is denied.

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a); see also *Abbas v. Dixon,* 480 F.3d 636 (2d Cir. 2007).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. See *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the Plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson, v. Pardus,* — U.S. —, 127 S.Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. —, —, 127 S.Ct. 1955, 1959 (2007) (internal quotation marks and citation omitted); see also *Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*). "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson*, 127 S.Ct. at 2200 (internal quotation marks and citations omitted).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the Plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that Plaintiff's claims against Sergeant Litwilder and Correctional Officer Everette must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

Plaintiff states that he is a "Hebrew-Israelite" practicing Judaism. He alleges that Rabbi J. Kellerman approved an alternative headgear for individuals with long hair or "dreadlocks" where the yamulke will not stay on. He claims that he was not allowed hair pins while in SHU and therefore had a religious "crown" that served as an alternative head covering required by his faith. On January 21, 2007, Officer Fedele allegedly demanded that Plaintiff give him the crown or Plaintiff would miss his meal. Plaintiff asserts he refused and was denied a meal. Plaintiff claims that, two days later, Sergeant Furman and Officer Murphy authorised an improper cell search and Plaintiff's religious head gear was taken away. Deputy Chappius denied Plaintiff's request for the return of his religious headgear.

Additionally, Plaintiff alleges that he had been receiving kosher meals since June 2002 while at three other state facilities. While at Southport, however, he was denied the religious meals from April 4 to July 14, 2007 because he was listed as "Hebrew-Israelite" and not "Jewish" and the Southport officials found not to warrant a Kosher diet.

3

Plaintiff pursued grievances regarding the violations of his religious practices and asserts that, by failing to grant his grievances, Sergeant Litwilder and Correctional Officer Everette violated his constitutional rights. He does not allege that either Sergeant Litwilder and Correctional Officer Everette failure to provide him with an opportunity to be heard. He simply objects to the failure of these defendants to grant his grievances.

Plaintiff claims that both Chaplin Stanley and Rabbi Matasar were aware of the events, aware of the approval of alternative headgear by Rabbi Kellman, and nevertheless refused to intervene or assist Plaintiff. Further, Plaintiff alleges that Superintendent Napoli and Grievance Supervisor Eagen were notified through grievances and letters about the denial of his opportunity to freely practice his faith, but they refused to return the headgear and to honor Plaintiff's religious diet and practices. Finally, Plaintiff attributes the failure to provide the proper diet in part to policies created by Ex-Superintendent M. McGinnis, Deputy of Programs A. Barlett, Acting Deputy of Programs P. Corcoran.

Broadly interpreting the complaint, Plaintiff's allegations against the majority of the named defendants are sufficient to survive this initial review. It may be that plaintiff may fail to prove his claims, but the Court's uncertainty that plaintiff will ultimately succeed on the merits is no justification for a dismissal at this stage of the case. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *and see McEachin v. McGuinnis*, 357 F.3d 197 (2d Cir. 2004).

His claims against Sergeant Litwilder and Correctional Officer Everette, however, do not rise to the level of a cognizable claim under § 1983. Essentially, plaintiff is claiming that their failure to decide his grievance in his favor violated his constitutional rights. Grievance procedures are the internal procedures and requirements of the Department of Correctional Services, and as such, prison inmates neither have a constitutionally protected right to a grievance procedure, *see, e.g., Jones v. North Carolina Prisoners Labor Union*, 433 U.S. 119,

4

138 (1977) (Burger, J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"), nor, as a general rule, is there a federal right to have them properly administered, *see Ramirez v. Holmes*, 921 F.Supp. 204, 208 (S.D.N.Y. 1996). At most, the Constitution entitles an individual to fair procedures when a liberty interest is involved. *See Sandin v. Conner*, 515 U.S. 472, 474 (1995). Here, even if plaintiff's claim concerned a violation of his First Amendment rights, plaintiff is not alleging that the grievance procedures were not followed or that he failed to get the process he was due. He is claiming only that the result he got was not what he wanted, and thus, because his claim clearly does not fall within any recognized constitutional right, it must be dismissed. Plaintiff does not alleged that these defendants were involved in the violations of his First Amendment rights in any other respect and therefore the claims against Sergeant Litwilder and Correctional Officer Everette are dismissed.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. The motion for a writ of mandamus is denied as moot. For the reasons discussed above, plaintiff's claims against Sergeant Litwilder and Correctional Officer Everette dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)**(i) or (ii)** and 1915A. The U.S. Marshal is directed to serve the summons and complaint on Commissioner Brian Fisher, Deputy Commissioner of Program Services John Nuttail, Grievance Supervisor Thomas Eagen, Southport Correctional Facility Superintendent Napoli, Ex-Superintendent M. McGinnis, Deputy of Security Chappius, Jr., Deputy of Programs A. Barlett, Acting Deputy of Programs P.

Corcoran, Lieutenant Kerbein, Catholic Chaplin T. Stanley, and Rabbi Howard Matasar, Correctional Officer Fedele, Correctional Officer Furman, and Correctional Officer Murphy.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the motion for a writ of mandamus is denied;

FURTHER, that plaintiff's claims against Sergeant Litwilder and Correctional Officer Everette dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Sergeant Litwilder and Correctional Officer Everette as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Commissioner Brian Fisher, Deputy Commissioner of Program Services John Nuttail, Grievance Supervisor Thomas Eagen, Southport Correctional Facility Superintendent Napoli, Ex-Superintendent M. McGinnis, Deputy of Security Chappius, Jr., Deputy of Programs A. Barlett, Acting Deputy of Programs P. Corcoran, Lieutenant Kerbein, Catholic Chaplin T. Stanley, and Rabbi Howard Matasar, Correctional Officer Fedele, Correctional Officer Furman, and Correctional Officer Murphy without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED.

Dated: SEPT. 26, 2008
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge