UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ARRELLO BARNES,

                                          Plaintiff,

                                                                    ORDER

                                                                    07-CV-6197L

                    v.

FEDELE, et al.,

                                          Defendants.

_____


     There are four motions to dismiss pending in this case. All four motions seek dismissal of

the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure.

     Having reviewed both sides' motion papers, the Court believes that rather than decide the

issues presented by the motions solely on the basis of the complaint, the better course would be to

convert the motions to motions for summary judgment, pursuant to Rule 12(d) of the Federal Rules.

The Court is therefore giving notice to the parties of its intention to convert defendants' motions to

dismiss (Dkt. #19, #33, #39, and #56) to motions for summary judgment under Rule 56.

     In their papers, defendants should address, in particular, which of plaintiff's claims they seek

to dismiss, and which claims they do not (at this point at least) seek to dismiss. In addition,

regardless of whether defendants seek summary judgment on what plaintiff has described as his "religion" claims, defendants should address whether those claims should be construed solely as claims arising under the Free Exercise Clause of the First Amendment, or whether they should also be construed as claims under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq. See Dingle v. Zon*, 189 Fed.Appx. 8, 10 (2d Cir. 2006).

I also note that although all the defendants have moved to dismiss the claims against them in their official capacities, it is well established that claims for prospective injunctive relief against state employees in their official capacities are not barred by the Eleventh Amendment. *Frew v. Hawkins*, 540 U.S. 431, 438 (2004). Plaintiff appears to seek such relief, in the form of an order directing defendants to return to him, and to permit him to wear, his "crown." While the Court expresses no opinion at this time about whether plaintiff is entitled to *any* relief, injunctive or otherwise, defendants should address the question of who the proper defendant(s) would be on such a claim.

Finally, I note that all of the events giving rise to this lawsuit appear to have occurred at Southport Correctional Facility. The docket sheet in this case gives Wende Correctional Facility as plaintiff's current address, but the DOCS Inmate Lookup web site, http://nysdocslookup.docs.state.ny.us, indicates that plaintiff is currently housed at Southport. In their summary judgment papers, the parties should state where plaintiff is currently confined.

As set forth above, then, the Court directs plaintiff and defendants to submit, no later than **June 11, 2010**, any additional materials pertinent to defendants' motions, in accordance with Rule

56(e) of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of Civil Procedure for this district.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      May 3, 2010.