UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ARRELLO BARNES,

                              Plaintiff,

                                                                                               DECISION AND ORDER

                                                                                                07-CV-6197L

                 v.

FEDELE, et al.,

                              Defendants.
_____

      The *pro se* plaintiff in this action, Arrello Barnes, has filed a motion (Dkt. #156) seeking my recusal from this action. The grounds for the motion are plaintiff's assertions that I attempted to pressure plaintiff to accept a settlement of his claims, and, out of anger or spite when he refused to do so, that I improperly allowed defendants to file a motion for summary judgment, after the Court had denied (in part) a prior motion for summary judgment.

      Plaintiff's motion is denied. Section § 455(a) of Title 28 requires a federal judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The relevant inquiry "is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The relevant inquiry is "how things appear to the well-informed,

thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995).

"Consideration of a motion for recusal is committed to the sound discretion of the district court, *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988), and there is a substantial burden on the moving party to show that the judge is not impartial." *United States v. LaMorte*, 940 F.Supp. 572, 576 (S.D.N.Y. 1996), *aff'd*, 112 F.3d 506 (table) (2d Cir. 1997). "A judge should not recuse himself on unsupported, irrational or highly tenuous speculation, and has as much of an obligation not to recuse himself when it is not called for as he is obliged to when it is." *LaMorte*, 940 F.Supp. 572 at 576-77 (internal quotations and citations omitted).

In the case at bar, I did not attempt to coerce plaintiff into settling his claims. While a judge may not "threaten[] to penalize a party that refuses to settle[,] ... a judge may encourage settlement, and he or she is not prohibited from expressing a negative opinion of a party's claim during discussions as a means to foster an agreement." *Gevas v. Ghosh*, 566 F.3d 717, 719-20 (7th Cir. 2009). During two conferences with plaintiff and defense counsel, I advised plaintiff of the benefits of settlement, and the risks of going to trial, but I in no way threatened to punish him if he did not accept a settlement offer, nor did I in any other way try to pressure him to settle.

In addition, plaintiff is incorrect in his assertion that it is somehow improper for the Court to consider defendants' motion for summary judgment (which is currently under advisement), simply because the Court previously denied, in part, a prior motion for summary judgment.[1] District courts

---

[1] Defendants previously filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which the Court converted to a motion for summary judgment under Rule 56. *See* Dkt. #66. The Court then granted the motion in part and denied it in part. *See* Dkt. #89.

have broad discretion to permit successive motions for summary judgment. *Hoffman v. Tonnemacher*, 593 F.3d 908, 911-12 (9th Cir. 2010); *see also Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000) ("District courts may in their discretion permit renewed or successive motions for summary judgment, particularly when the moving party has expanded the factual record on which summary judgment is sought"). The present motion is based on a fuller record than the previous motion, and in fact plaintiff himself has cross-moved for summary judgment and submitted materials in support of that motion. *See* Dkt. #129, #130. Plaintiff has not been unfairly prejudiced by defendants' filing of their motion for summary judgment, and this could not reasonably be construed as any sort of penalty for plaintiff's unwillingness to settle this case.

## CONCLUSION

Plaintiff's motion for recusal (Dkt. #156) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
　　　　April 10, 2013.