UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ARRELLO BARNES,

                                        Plaintiff,

                                        v.

FEDELE, et al.,

                                        Defendants.

                                        DECISION AND ORDER

                                        07-CV-6197L

_____

Plaintiff Arrello Barnes, proceeding *pro se*, brought this action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*. Plaintiff sued a number of officials and employees of the New York State Department of Correctional Services ("DOCS"), asserting various violations of his religious rights under the First Amendment to the United States Constitution. In relevant part, plaintiff's claims arose from defendants' denial to plaintiff of a "Tsalot-Kob," which is a head covering worn by members of certain faiths for religious purposes.

On October 2, 2018, the Court issued a Decision and Order which granted defendants' motion for summary judgment, denied plaintiff's motion for summary judgment, and dismissed the complaint. 337 F.Supp.3d 227. The decision was based on the Court's conclusion that the defendants were entitled to qualified immunity.

On January 2, 2019, plaintiff filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from that order. Prior to filing his Rule 60(b) motion, however,

plaintiff on October 24, 2018 filed a notice of appeal to the Court of Appeals for the Second Circuit. (Dkt. #206.) That appeal is now pending, as is plaintiff's Rule 60(b) motion.

In general, "[t]he filing of a notice of appeal ... confers jurisdiction on the court of appeals and divests the district court over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). There are some nuances to that rule, however.

In particular, "a district court may entertain and deny a Rule 60(b) motion during the pendency of an appeal, *see* Fed. R. Civ. P. 62.1(a), but 'may grant a [R]ule 60(b) motion after an appeal is taken only if the moving party obtains permission from the circuit court.'" *Witek v. City of New York*, No. 12-CV-981, 2015 WL 9460132, at *4 (E.D.N.Y. Dec. 23, 2015) (quoting *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992)). *See Selletti v. Carey*, 173 F.3d 104, 109 (2d Cir. 1999) ("The district court properly assumed that it had jurisdiction to deny the motion [brought under Rules 59(e) and 60(b)] during the pendency of an appeal"); *see also Criminal Productions, Inc. v. Jenkins*, No. 16-CV-2704, 2018 WL 3997257, at *2 (denying motion to reconsider, which was filed after filing of notice of appeal); *Marcel v. United States*, No. 12-CV-4404, 2012 WL 6720771, at *2 (E.D.N.Y. Dec. 27, 2012) (same).

Having reviewed plaintiff's motion, I find that it should be denied, since this Court's decision is on appeal. As explained above, the pendency of plaintiff's appeal poses no obstacle to this Court's denial of the motion.

Even were the appeal not pending, I would deny plaintiff's motion. To the extent plaintiff's motion relies on a district court case from another district, *Thomas v. Waugh*, No.

13-cv-321, 2018 WL 1508563 (N.D.N.Y. Mar. 27, 2018), that case is not controlling and is based on different facts and issues.

## CONCLUSION

Plaintiff's motion for relief under Fed. R. Civ. P. 60(b) (Dkt. #208) is DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      January 10, 2019.